# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MELVIN MCILWAINE** | : CIVIL ACTION |
| | : |
| v. | : |
| | : NO. 17-5678 |
| **SUPERINTENDENT BUSH,** *et al* | : |

## ORDER

**AND NOW**, this 16th day of April 2018, upon considering Melvin McIlwaine's Petition for writ of *habeas corpus* (ECF Doc. No. 1), the District Attorney's Response (ECF Doc. No. 7), Mr. McIlwaine's March 7 and March 11, 2018 letters (ECF Doc. Nos. 12, 13, 14 ) and Objections (ECF Doc. No. 15), and following careful and independent review of the Honorable Linda K. Caracappa's March 29, 2018 well-reasoned Report and Recommendation (ECF Doc. No. 10), it is **ORDERED**:

1. We **APPROVE** and **ADOPT** Chief Judge Caracappa's well-reasoned Report and Recommendation (ECF Doc. No. 10);

2. We **DENY and DISMISS** Mr. McIlwaine's Petition for writ of *habeas corpus* (ECF Doc. No. 1) with prejudice and without an evidentiary hearing[1];

3. We deny Mr. McIlwaine's March 11, 2018 letter request for counsel (ECF Doc. No. 12) as his Petition lacks merit, there is no showing of disputed facts or novel areas of the Law warranting expenditure of public funds for appointment of counsel after Mr. McIlwaine proceeded *pro se* since losing a jury verdict in state court;

4. There is no probable cause to issue a certificate of appealability as Mr. McIlwaine has not demonstrated reasonable jurists would debate the correctness of the procedural aspects of this ruling nor has he made a substantial showing of the denial of a constitutional right; and,

5. The Clerk of Court shall **close** this case.


KEARNEY, J.

---

[1] Upon careful review of the Record and Mr. McIlwaine's submissions, we find no grounds Judge Foglietta denied Mr. McIlwaine a full and fair opportunity to litigate his suppression motion or a structural defect in the state court system.

Mr. McIlwaine's claims are also procedurally defaulted. Mr. McIlwaine did not raise these issues on appeal in state court. As fully examined by Chief Judge Caracappa and confirmed in our independent review of the record, the state court's factual findings are presumed to be correct unless Mr. McIlwaine presents clear and convincing evidence of the state court's factual error. The state court found Mr. McIlwaine did not timely file a Rule 1925 Statement of Reasons on Appeal. Mr. McIlwaine, without clear and convincing evidence, argues he did. Absent evidence, we cannot overturn the state court's finding Mr. McIlwaine failed to file papers necessary for his appeal. Mr. McIlwaine also failed to exhaust claims on his collateral appeal. He did not seek review in the Pennsylvania Superior Court of the denial of his PCRA petition. He is now time-barred from returning to state court to exhaust his collateral claims. Mr. McIlwaine does not argue, and we cannot find, cause and prejudice to excuse these procedural defaults. We also find no evidence our refusal to consider these defaulted claims will result in a miscarriage of justice.